UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY LOY and FRANK BLUMEYER, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC; and BAVARIAN MOTOR WORKS, <br><br> Defendants. | Case No.: 21-cv-0671-GPC(BLM) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO QUASH** <br><br> **[ECF No. 1]** |

Plaintiffs Kerry Loy and Frank Blumeyer ("Plaintiffs") sued Defendant BMW of North America ("BMW") in the Eastern District of Missouri. <u>Loy v. BMW of North America, LLC</u>, Case No. 4:19-cv-0184, ECF No. 1 (E.D. Mo. 2019). On or about April 1, 2021, Plaintiffs served a Rule 45 subpoena on non-party AGA Tools & Products ("AGA") seeking documents and corporate testimony. ECF No. 1, at 2; <u>see also</u> ECF Nos. 4-2, at 6-13; 4-3, at 2.

On April 15, 2021, BMW and AGA filed a motion to quash the subpoena in the Southern District of California.[1] ECF No. 1. In their motion, BMW and AGA argue that the subpoena should be quashed because (1) Plaintiffs "failed to file a certified proof of service in the issuing

---

[1] Defendant BMW and non-party AGA are represented by the same attorney. ECF No. 1, at 2.

Court (E.D. MO)" and (2) the subpoena improperly requires the "disclosure of privileged, confidential or other protected matter." Id. at 2.

On May 5, 2021, Plaintiffs opposed the motion. ECF No. 4. Plaintiffs highlight BMW's failure to provide authority for its first argument and explain that they properly served AGA and provided the notice required by Rule 45. Id. at 2, fn. 1 (citing Declaration of Sergei Lemberg, Exhs. 1 & 2). Plaintiffs provide legal authority to support their argument that the existence of a confidentiality agreement does not prohibit discovery and state their agreement to be "bound by the Confidentiality Order already entered by the Court in *Loy* (Exhibit 3 to Lemberg Decl.)." Id. at 2-4.

On May 14, 2021, BMW filed a reply asserting that "[i]t has never been BMW's intention to completely exclude whatever information Mr. Christensen can give at his deposition that would be relevant to this lawsuit" but arguing that the protective order in the EDMO does not cover "third-party disclosure of confidential information." ECF No. 7, at 2. BMW then raises a new concern, not set forth in its moving papers, that the deposition notice is defective because "there is no Rule 30(b)(4) stipulation or order in the *Loy* case that the deposition can proceed remotely or by Zoom, as the deposition notice improperly dictates." Id. at 2.

The pleadings filed in this district clearly demonstrate that this is not a dispute that should require judicial involvement. The parties agree that the requested discovery is relevant, they simply disagree on some of the collateral details associated with the discovery request. As such, BMW and AGA's motion to quash the subpoena is **DENIED**. The real problem is the inability or unwillingness of the attorneys for all parties to work together to conduct discovery. To address this issue, the Court enters the following order:

1. On or before **June 1, 2021**, Plaintiffs, BMW, and AGA must enter into a protective order that protects the confidential information that may be disclosed responding to Plaintiffs' subpoena;

2. On or before **June 1, 2021**, Plaintiffs, BMW, and AGA must reach agreement regarding whether the deposition of Mr. Christensen (or any other AGA corporate designee) will proceed remotely or in person and, if necessary, Plaintiffs will amend the

notice or file a Rule 30(b)(4) stipulation;

3.     If the parties are unable to reach agreement on the issues set forth in #1 and #2 above, the parties must file a joint motion setting forth their dispute and submit proposed orders to the Court by **June 1, 2021**; and

4.     The deposition of Mr. Christensen (or any other AGA corporate designee) and the production of the responsive documents must occur no later than **June 15, 2021**.

**IT IS SO ORDERED**.

Dated:  5/20/2021

Hon. Barbara L. Major
United States Magistrate Judge